Freedman, J.
In respect to the rights of the parties as they stood at the time the suit was brought, the evidence leaves the case precisely as it was left on the first trial. There is no evidence of any change whatever of rights on the part of the plaintiffs, nor has any evidence been adduced of any such changed condition of the neighborhood at that time, as would justify an obliteration of the covenant.
Under this state of evidence, the plaintiffs, under the decision of the court of appeals, are entitled to judgment for the relief demanded.
In respect to the additional points now claimed to have been raised for the first time, it seems to me— 1. That the covenant in question restricts the use of the premises on the Sixth avenue front in precisely the manner and to the same extent as it restricts their use on the street; the covenant being that no trade or business whatsoever should be carried on, or permitted to be carried on in any manner or any part of the land covered by it, and there being no reservation in favor of the Sixth avenue front; and, 2. That the words “any trade or business whatsoever” embrace the different businesses shown by the evidence to be carried oh upon a portion of the premises.
Upon the last point, force and effect should be given to the testimony showing the use of the premises down to the time of the trial, because the defendant, Thomas Thacher, who purchased pendente lite and assumed the litigation, was not compelled to rest his case as it stood at the time of the commencement of the action, but was allowed to avail himself of the present condition of affairs.
The only remaining question relates to the effect to be given to the testimony showing how the construe *308 tion and operation of the Metropolitan Elevated Railroad, since the making of the covenant, have effected the premises. That their market value, for the present at least, has been seriously impaired by such construction and operation, has been freely conceded ; but whether such impairment will be permanent is uncertain.
Mow, the erection and operation of said railroad do not impair the legal rights of third parties between themselves. They do not justify a vendee in throwing the property back upon the vendor. They do not justify a tenant in refusing to pay his rent.
They, therefore, cannot modify or impair the covenant under consideration, unless they involve such a change in the character of the whole neighborhood, as would affect the entire property bound by the covenant. If the proof showed such a change, a court of equity would decline to enforce the covenant; but the proof does not come up to this point.
Evidence of the serious impairment of the value or use of simply one, or even a few, out of many houses subject to the covenant, is not sufficient. The covenant is for the common benefit of all the owners of the land covered by it. There is nothing in the case which would justify me to hold it obsolete as to certain portions of the land, and in force as to others. And I cannot modify the covenant so as to leave it in force, but adapted to a new state of things ; it must be enforced as the parties made it or not enforced at all, and consequently annulled. There is no middle course. I have already pointed out that the proof is insufficient to authorize an annulment; and the argument that the kinds of business at present carried on upon the premises are relatively unobjectionable, cannot have any weight. If the pecuniary interests of the present owner of the corner house would justify him, on account of the construction and operation of said. *309 railroad, to use or permit the use of the building for business purposes, he would be justified to use it or permit its use for any lawful business, no matter how obnoxious it may be to the residents of the street.
J. F. McIntyre and A. J. Dittenhoefer, for appellant.
G. D. & L. Harrison and S. P. Nash, for respondent.
The case of the defendant, Thacher, may be a hard one, but he bought with his eyes open and voluntarily assumed the litigation ; hence, his case is like that of his predecessors in interest, as to whom Allen, J., in delivering the opinion of the court of appeals, said it would be unreasonable and unconscientious to hold them absolved from the covenant in equity, for the technical reasons assigned, that it did not run with the land so as to give an action at law.
The plaintiffs are entitled to judgment, with costs.
Per Curiam.
Judgment affirmed, with costs, upon the opinion delivered by Freedman, J., at special term.